UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

------------------------------------------------------x
AMNESIA INTERNATIONAL, LLC;

and                                                                                             Civil Action No. _____

SFX NIGHTLIFE OPERATING, LLC

            Plaintiffs,

v.

MARK DANIEL ADAMCZYK

            Defendant.
------------------------------------------------------x

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Amnesia International, LLC ("Amnesia") and SFX Nightlife Operating, LLC ("SFX") by and through their undersigned counsel, for their Complaint against Defendant Mark Daniel Adamczyk ("Defendant"), hereby allege and state the following:

### PARTIES

1. Plaintiff Amnesia is a limited liability company organized under the laws of the State of Florida, and has its principal place of business at 19950 West Country Club Drive, 10th Floor, Aventura, Florida 33810.

2. Plaintiff SFX is a limited liability company organized under the laws of the State of Delaware, and has its principal place of business at 1000 Lincoln Road, Suite 200, Miami Beach, Florida, 33139.

3.      The joinder of Plaintiffs Amnesia and SFX is appropriate pursuant to Fed. R. Civ. P. 20 because Plaintiffs are jointly asserting a right to relief arising out of the same series of transactions or occurrences, and because there are common questions of law or fact that will arise in this action.

4.      Defendant is an individual residing at 112 Meadowfield Lane, Longwood, Florida 32779. Upon information and belief, Defendant occasionally does business as "My Domain Holdings," but has not registered or incorporated any business entity under this name.

## JURISDICTION AND VENUE

5.      This action arises out of Defendant's unauthorized, bad faith use of Plaintiffs' marks STORY and MIAMI MARKETING GROUP in a manner that is intended to deceive and defraud the public, and to cause harm to Plaintiffs. Plaintiffs are seeking injunctive relief and damages for trademark infringement, false designation of origin, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051 et seq., trademark dilution under Fla. Stat. § 495.151, violation of the Florida Unfair and Deceptive Trade Practices Act, and unfair competition under Florida common law.

6.      The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This court has pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1338(b).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant transacts business within this district and the acts complained of herein that have caused and are continuing to cause injury to Plaintiffs have occurred and are continuing to occur within this district.

2

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

## PLAINTIFF'S STORY NIGHTCLUB

8.      Plaintiffs manage and operate a popular nightclub in Miami Beach, Florida under the name STORY.  STORY Nightclub opened on December 26, 2012.

9.      Amnesia owns all rights in the STORY mark, and licenses this mark to SFX in connection with the operation of the club.

10.     Amnesia is the owner of pending Application Serial No. 85/743,507 for the STORY mark with the United States Patent and Trademark Office ("USPTO"), which was filed by Amnesia's predecessor in interest on October 2, 2012.  The application covers "nightclub services" in Class 41.  This application has been reviewed and published by the USPTO, and is expected to register within the next two to three months.  A copy of the current status printout for this application from the USPTO database is attached as Exhibit 1 and incorporated herein by reference.

11.     Plaintiffs began using the STORY mark in connection with nightclub services in interstate commerce on or around December 26, 2012.

12.     STORY Nightclub has already become one of the most popular nightclubs in Miami, and in fact the entire country.  A 2013 article in the Miami New Times referred to STORY as "a runaway success."  (*See* Exhibit 2 attached hereto and incorporated herein by reference).  STORY Nightclub was also named the 2014 Nightclub of the Year by Nightclub & Bar Media Group (*See* Exhibit 3 attached hereto and incorporated herein by reference).

13.     STORY Nightclub has received significant media attention in the Miami and national media, partly as a result of the Miami Heat holding their championship celebration at the club after winning the 2013 NBA Championship.  Articles referring to

3

STORY Nightclub from ESPN, TMZ, and the Miami Herald are attached as Exhibits 4-6 and incorporated herein by reference.

14.   STORY Nightclub has hosted performances by internationally known DJs and performers including David Guetta, Nicki Minaj, Drake, and Tiesto. STORY Nightclub is also frequented by celebrities and is often mentioned in the national press in connection with various music, sports, and entertainment celebrities who have visited the club or hosted parties there.

15.   STORY Nightclub is advertised and promoted on a web site at STORYMIAMI.COM (*See* Exhibit 7 attached hereto and incorporated herein by reference), which is owned by SFX. STORY Nightclub is also promoted via social media accounts on Facebook (facebook.com/storymiami); Twitter (twitter.com/storymiami); Instagram (instagram.com/storymiami); and YouTube (youtube.com/storymiami).

16.   Amnesia's STORY Mark is inherently distinctive.

17.   Consumers throughout Florida and throughout the United States have come to recognize Amnesia's STORY Mark and to associate it exclusively with Amnesia and Amnesia's licensees.

18.   Amnesia has developed substantial goodwill in its STORY Mark, which is a business asset of immense value to Amnesia.

19.   Amnesia has actively and consistently policed its STORY Mark, by demanding that third party users of similar marks cease and desist such use, and by pursuing legal remedies where necessary.

## SFX's MIAMI MARKETING GROUP MARK

20. SFX is the owner of all rights in the mark MIAMI MARKETING GROUP ("hereinafter "SFX's MIAMI MARKETING GROUP Mark"). This mark was first used by SFX's predecessor in interest, MMG Nightlife, LLC, in 2008.

21. SFX acquired substantially all of the assets of MMG Nightlife in 2012.

22. SFX and its predecessor MMG Nightlife have organized numerous events for various celebrities in the fields of music, entertainment, and sports, which have resulted in billions of media impressions and have received significant coverage in the Miami and national media.

23. SFX has developed substantial goodwill in its MIAMI MARKETING GROUP Mark and it is a business asset of immense value to Plaintiff SFX.

24. SFX's MIAMI MARKETING GROUP Mark has achieved a secondary meaning among consumers in the United States identifying Plaintiff SFX as the source of services offered under the MIAMI MARKETING GROUP Mark.

## DEFENDANT'S INFRINGING ACTIVITIES

### Defendant's History of Fraud

25. Defendant Mark Daniel Adamczyk is a self-described "Internet marketing expert and entrepreneur" who operates a variety of Internet businesses and web sites.

26. Upon information and belief, Defendant has often been accused of fraud in connection with his business ventures. For example, Defendant operated a web site at www.houstonallstarweekend.com, which allegedly sold tickets to the 2013 NBA All-Star Game in Houston, Texas. However, numerous consumers posted complaints on the Internet stating that Defendant never provided the tickets that they had purchased from

Defendant and that he refused to refund their money (*See* Exhibit 8 attached hereto and incorporated herein by reference).

27. Upon information and belief, Defendant has been investigated by the Orange County, Florida Sheriff's Office on suspicion of fraud.

28. Defendant was also recently sued by Craigslist for developing and using "bots" that allowed Defendant and others to bulk post spam messages on the Craigslist web site.

29. Defendant also has a history of using the Internet to harass and defame his opponents in litigation and the consumers who have complained about his fraudulent activities.

30. In a case filed in 2008 in Seminole County, Florida, *Hutchings v. Adamczyk*, No. 2008CA003218, the Court issued a gag order barring Defendant from blogging or posting any comments about the case. On March 9, 2011, Defendant was held in contempt of court for violating this order.

### Defendant's Registration and Use of LIVBOTTLESERVICE.COM

31. Defendant, through his alter ego "My Domain Holdings," registered the domain name STORYBOTTLESERVICE.COM on November 14, 2012 (*See* Exhibit 9 attached hereto and incorporated herein by reference). This domain name merely combines Amnesia's STORY Mark with the generic term BOTTLE SERVICE.

32. Upon information and belief, Defendant registered the STORYBOTTLESERVICE.COM domain name after learning of Plaintiffs' plans to open STORY Nightclub, which were published in local media on November 13, 2012 (*See* Exhibit 10 attached hereto and incorporated herein by reference).

6

33. Upon information and belief, Defendant began using the STORYBOTTLESERVICE.COM domain name to host an active web site in late July of 2013.

34. Defendant's STORYBOTTLESERVICE.COM web site is set up to have the appearance of an official web site of STORY Nightclub. The web site repeatedly uses Amnesia's STORY Mark and displays the identical STORY logo used by Plaintiffs in the upper left hand corner of the screen (*See* Exhibit 11 attached hereto and incorporated herein by reference). Any consumer viewing this site would believe it is the official site of STORY Nightclub or, at the very least, that it is authorized by STORY Nightclub.

35. Defendant's STORYBOTTLESERVICE.COM web site also contains links for "Upcoming Events," "Celebs @ Story," and "Miami Heat Celebrate @ Story," which are further likely to confuse consumers as to the site's association with Story Nightclub.

36. Defendant's STORYBOTTLESERVICE.COM web site also contains links to the official Facebook and Twitter pages of STORY Nightclub, as well as an embedded feed from the official STORY Nightclub Twitter account. These links further confuse consumers into believing that the web site is an official web site of STORY Nightclub.

37. Like many high-end nightclubs, STORY Nightclub offers consumers the option of purchasing "bottle service." This refers to the purchase of a reserved table, which includes liquor bottles, mixers, and the services of a host. STORY Nightclub generally requires consumers to make reservations in advance for bottle service. STORY

7

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

Nightclub allows consumers to make bottle service reservations through its Facebook page at www.facebook.com/storymiami (*See* Exhibit 12 attached hereto and incorporated herein by reference).

38. Defendant's web site at STORYBOTTLESERVICE.COM also purports to offer VIP table reservations and bottle service reservations at STORY Nightclub. These services are directly competitive with the reservation services offered by Plaintiffs, and are offered to identical types of consumers through identical channels of trade.

39. Upon information and belief, when obtaining payment from consumers for his purported services, Defendant has consumers send payment to the e-mail address marissa@miamimarketinggroup.com via the electronic payment service Paypal. The use of an e-mail address ending in "miamimarketinggroup.com" falsely suggests to consumers that they are dealing with SFX's Miami Marketing Group, the operator of STORY Nightclub. In fact, SFX's Miami Marketing Group's official domain is "miami-mg.com."

40. Furthermore, although Defendant's consumers send their payments to "marissa@miamimarketinggroup.com," there is nobody named "Marissa" associated with Defendant or his business. This e-mail address was created by and is used solely by Defendant for the purpose of fraudulently suggesting to consumers that his services are associated with SFX.

41. Defendant has previously set up a similar scam web site at LIVBOTTLESERVICE.COM, which is designed to have the appearance of an official web site of LIV Nightclub, another highly popular Miami-area nightclub operated by SFX. SFX and JS IP LLC, the owner of the LIV mark, have sued Defendant in another

8

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

action (*JS IP LLC v. Adamczyk*, Case No. 1:14-cv-21977-UU) alleging infringement and dilution of the LIV mark.

42. SFX has received numerous complaints from consumers who have complained that they have been "scammed" by Defendant in connection with reservations made for LIV Nightclub through Defendant's LIVBOTTLESERVICE.COM web site. These consumers believed they were booking directly with LIV Nightclub, and were disappointed and frustrated when their reservations were not honored by LIV Nightclub, after having sent thousands of dollars to Defendant via a Paypal account with the name "marissa@miamimarketinggroup.com." It is highly likely that there are likewise consumers who have been scammed by Defendant's use of the STORY Mark on the STORYBOTTLESERVICE.COM web site.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

Plaintiffs reallege and incorporate paragraphs 1 through 42 of the Complaint as if fully set forth herein.

43. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark are widely recognized by consumers throughout the United States.

44. Defendant is using the marks STORY and MIAMI MARKETING GROUP to market and sell his nightclub reservation services in interstate commerce.

45. The nightclub reservation services offered by Defendant under the marks STORY and MIAMI MARKETING GROUP are identical or closely related to the services offered by Plaintiffs under their marks STORY and MIAMI MARKETING GROUP.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

46. The nightclub reservation services offered by Defendant under the marks STORY and MIAMI MARKETING GROUP are marketed and sold through the same channels of trade as services offered by Plaintiffs under their marks STORY and MIAMI MARKETING GROUP.

47. Defendant's unauthorized use of the marks STORY and MIAMI MARKETING GROUP is likely to cause consumers and the public to erroneously believe that Defendant's nightclub reservation services are offered by, licensed by, approved by, or otherwise associated with Plaintiffs.

48. As a direct consequence of Defendant's actions, consumers and the public are likely to be, and have been, deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and their relationship to Plaintiffs.

49. Upon information and belief, Defendant's purpose in using the marks STORY and MIAMI MARKETING GROUP is to deceive, mislead and confuse customers and the public into believing that Plaintiffs are the source of Defendant's services, or that the services offered by Defendant are sponsored by, licensed by, or associated with Plaintiffs, so as to trade on the substantial fame, reputation and goodwill enjoyed by Plaintiffs.

50. Defendant's unlawful acts constitute common law trademark infringement, unfair competition, and false representation as to origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

51. By reason of Defendant's unlawful acts and practices in violation of the Lanham Act, Plaintiffs have suffered, and will continue to suffer damage to their

business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief and monetary damages.

52. Because Defendant's actions have been committed with intent to cause harm to Plaintiffs and to confuse and deceive the public, Plaintiffs are entitled to Defendant's profits, treble Plaintiffs' actual damages, and an award of costs. In addition, as this is an exceptional case pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

## COUNT II
## CYBERSQUATTING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(d)

Plaintiffs reallege and incorporate paragraphs 1 through 42 of the Complaint as if fully set forth herein.

53. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark are distinctive.

54. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM and MIAMIMARKETINGGROUP.COM in interstate commerce after Plaintiffs' aforementioned marks became distinctive.

55. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM and MIAMIMARKETINGGROUP.COM in bad faith with the intent to profit from his use of these domain names.

56. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM and MIAMIMARKETINGGROUP.COM with the intent to divert consumers from the online location of the owners of the marks STORY and MIAMI MARKETING GROUP for commercial gain and with the intent to create a

11

likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the domain names.

57. Defendant registered, trafficked in, and used multiple domain names which he knew were identical or confusingly similar to the marks of others that are distinctive at the time he registered the domain names, including but not limited to LIVBOTTLESERVICE.COM and LIVSUNLIFE.COM.

58. Defendant's unauthorized, bad faith registration of the domain names STORYBOTTLESERVICE.COM and MIAMIMARKETINGGROUP.COM constitutes cybersquatting and cyberpiracy in violation of the Lanham Act, 15 U.S.C. § 1125(d).

59. By reason of Defendant's unlawful acts and practices, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief, including but not limited to an order forcing Defendant to transfer the domain name STORYBOTTLESERVICE.COM to Amnesia, and to transfer the domain name MIAMIMARKETINGGROUP.COM to SFX.

### COUNT III
### VIOLATION OF FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, FLA. STAT. § 501.204

Plaintiffs reallege and incorporate paragraphs 1 through 42 of the Complaint as if fully set forth herein.

60. Defendant has committed deceptive acts by using Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark to create web sites intended to mislead consumers into believing that his services are provided by, authorized by, or associated with Plaintiffs.

12

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

61. Defendant's deceptive acts have misled consumers and are likely to continue to mislead consumers, to the detriment of said consumers.

62. Defendant has committed unfair practices by using Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark to solicit payments from consumers for bottle service reservations at STORY Nightclub, knowing that these reservations would not be honored by STORY Nightclub.

63. Defendant's unfair practices offend established public policy and are unethical, unscrupulous, and substantially injurious to consumers.

64. Defendant's deceptive acts and unfair practices have caused significant harm to Plaintiffs.

65. Defendant's actions constitute deceptive acts and unfair practices in violation of Fla. Stat. § 501.204.

66. By reason of Defendant's deceptive acts and unfair practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to damages and injunctive relief.

## COUNT IV
## DILUTION UNDER FLA. STAT. § 495.151

Plaintiffs reallege and incorporate paragraphs 1 through 42 of the Complaint as if fully set forth herein.

67. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark are highly distinctive and famous in the state of Florida.

68. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark became highly distinctive and famous in Florida prior to any use by Defendant of these marks.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

69. Defendant has used Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark in a manner that has lessened the capacity of the marks to distinguish Plaintiffs' services, or is likely to lessen the capacity of the marks to distinguish Plaintiffs' services.

70. Defendant's use of the marks STORY and MIAMI MARKETING GROUP constitutes trademark dilution in violation of Fla. Stat. §495.151.

71. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA LAW

Plaintiffs reallege and incorporate paragraphs 1 through 42 of the Complaint as if fully set forth herein.

72. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark are highly distinctive in the state of Florida.

73. Amnesia's STORY Mark and SFX's MIAMI MARKETING GROUP Mark became highly distinctive in the state of Florida prior to any use by Defendant of these marks.

74. Defendant has used the marks STORY and MIAMI MARKETING GROUP to market and sell nightclub reservation services in the State of Florida.

75. The nightclub reservation services offered by Defendant under the marks STORY and MIAMI MARKETING GROUP are identical or closely related to the services offered by Plaintiffs under their marks STORY and MIAMI MARKETING GROUP.

14

76. Defendant's use of the marks STORY and MIAMI MARKETING GROUP is likely to confuse consumers in the State of Florida into believing that Defendant's services are offered by, sponsored by, licensed by, or otherwise associated with Plaintiffs.

77. Defendant's use of the marks STORY and MIAMI MARKETING GROUP constitutes trademark infringement in violation of Florida common law.

78. Defendant's actions are willful, wanton, and in reckless disregard for the rights of Plaintiffs in Plaintiff's marks.

79. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and grant the following relief:

A. An injunction enjoining Defendant, and anyone operating in concert with Defendant, from using the marks STORY or MIAMI MARKETING GROUP, or any mark, trade name or source identifier which is confusingly similar to Amnesia's STORY Mark or SFX's MIAMI MARKETING GROUP Mark;

B. An injunction enjoining Defendant, and anyone operating in concert with Defendant, from selling, advertising or promoting any services that infringe upon Amnesia's STORY Mark or SFX's MIAMI MARKETING GROUP Mark;

C. That Defendant's domain name STORYBOTTLESERVICE.COM be transferred to Amnesia;

15

  D. That Defendant's domain name MIAMIMARKETINGGROUP.COM be transferred to SFX;

  E. That Plaintiffs be awarded their actual damages and lost profits in an amount to be proven at trial;

  F. That Defendant be required to account for any profits attributable to his infringing acts;

  G. That Plaintiffs be awarded the greater of three times Defendant's profits and three times any damages sustained by Plaintiffs, and prejudgment interest;

  H. That punitive damages be awarded to Plaintiffs;

  I. That all products, labels, signs, prints, packages, brochures, and advertising and promotional materials in the possession of Defendant bearing the marks STORY or MIAMI MARKETING GROUP, or any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up by Defendant and destroyed;

  J. That pursuant to 15 U.S.C. § 1116, Defendant file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

  K. That Plaintiffs be awarded their reasonable attorney fees in prosecuting this action; and

  L. That Plaintiffs be granted such other and further relief which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  June 20, 2014

                Respectfully submitted,

                BUCHANAN INGERSOLL & ROONEY, P.C.

                *Attorneys for Plaintiffs*
                Miami Tower
                100 S. E. Second Street, Suite 3500
                Miami, Florida  33131
                Telephone: 305-347-4080
                Facsimile:  305-347-4089

                By:  /s/ Jennifer Olmedo-Rodriguez
                Jennifer Olmedo-Rodriguez
                Florida Bar No. 605158
                jennifer.olmedo-rodriguez@bipc.com

#437595-v1                17

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL  33131-2148 :: T  305 347 4080 :: F  305 347 4089