UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

------------------------------------------------------x
AMNESIA INTERNATIONAL, LLC;

DAVID GRUTMAN;                                           Civil Action No.: 14-22311-CV-Williams

and

SFX NIGHTLIFE OPERATING, LLC

        Plaintiffs,

v.

MARK DANIEL ADAMCZYK

        Defendant.
------------------------------------------------------x

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Amnesia International, LLC ("Amnesia"), David Grutman ("Grutman"), and SFX Nightlife Operating, LLC ("SFX") by and through their undersigned counsel, for their Amended Complaint against Defendant Mark Daniel Adamczyk ("Defendant"), hereby allege and state the following:

### PARTIES

1. Plaintiff Amnesia is a limited liability company organized under the laws of the State of Florida, and has its principal place of business at 19950 West Country Club Drive, 10th Floor, Aventura, Florida 33810.

2. Plaintiff Grutman is an individual residing in Florida with a business address at 1000 Lincoln Road, Suite 200, Miami Beach, Florida, 33139.

3. Plaintiff SFX is a limited liability company organized under the laws of the State of Delaware, and has its principal place of business at 1000 Lincoln Road, Suite 200, Miami Beach, Florida, 33139.

4. The joinder of Plaintiffs Amnesia, Grutman, and SFX is appropriate pursuant to Fed. R. Civ. P. 20 because Plaintiffs are jointly asserting a right to relief arising out of the same series of transactions or occurrences, and because there are common questions of law or fact that will arise in this action.

5. Defendant is an individual residing at 112 Meadowfield Lane, Longwood, Florida 32779. Upon information and belief, Defendant occasionally does business as "My Domain Holdings," but has not registered or incorporated any business entity under this name.

## JURISDICTION AND VENUE

6. This action arises out of Defendant's unauthorized, bad faith use of Plaintiff Amnesia's trademark STORY in a manner that is intended to deceive and defraud the public, and to cause harm to Plaintiffs, as well as Defendant's unauthorized, bad faith registration and use of the domain names DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM. Plaintiffs are seeking injunctive relief and damages for trademark infringement, false designation of origin, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051 et seq., trademark dilution under Fla. Stat. § 495.151, violation of the Florida Unfair and Deceptive Trade Practices Act, and unfair competition under Florida common law.

7. The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This court has pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1338(b).

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant transacts business within this district and the acts complained of herein that have caused and are continuing to cause injury to Plaintiffs have occurred and are continuing to occur within this district.

## PLAINTIFF'S STORY NIGHTCLUB

9. Plaintiffs manage and operate a popular nightclub in Miami Beach, Florida under the name STORY. STORY Nightclub opened on December 26, 2012.

10. Amnesia owns all rights in the trademark STORY (hereinafter "Amnesia's STORY Mark"), and licenses this mark to SFX in connection with the operation of the club.

11. Amnesia is the owner of U.S. Registration No. 4,593,474 for Amnesia's STORY Mark. This registration covers "nightclub services" in Class 41. This mark registered with the U.S. Patent and Trademark Office on August 26, 2014, subsequent to the filing of the original Complaint in this case. A copy of the Certificate of Registration for Amnesia's STORY Mark is attached as Exhibit 1.

12. Plaintiffs began using the STORY mark in connection with nightclub services in interstate commerce on or around December 26, 2012.

13. STORY Nightclub has already become one of the most popular nightclubs in Miami, and in fact the entire country. A 2013 article in the Miami New Times referred

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

to STORY as "a runaway success." (Exhibit 2). STORY Nightclub was also named the 2014 Nightclub of the Year by Nightclub & Bar Media Group (Exhibit 3).

14. STORY Nightclub has received significant media attention in the Miami and national media, partly as a result of the Miami Heat holding their championship celebration at the club after winning the 2013 NBA Championship. Articles referring to STORY Nightclub from ESPN, TMZ, and the Miami Herald are attached as Exhibits 4-6.

15. STORY Nightclub has hosted performances by internationally known DJs and performers including David Guetta, Nicki Minaj, Drake, and Tiesto. STORY Nightclub is also frequented by celebrities and is often mentioned in the national press in connection with various music, sports, and entertainment celebrities who have visited the club or hosted parties there.

16. STORY Nightclub is advertised and promoted on a web site at STORYMIAMI.COM (Exhibit 7), which is owned by SFX. STORY Nightclub is also promoted via social media accounts on Facebook (facebook.com/storymiami); Twitter (twitter.com/storymiami); Instagram (instagram.com/storymiami); and YouTube (youtube.com/storymiami).

17. Amnesia's STORY Mark is inherently distinctive.

18. Consumers throughout Florida and throughout the United States have come to recognize Amnesia's STORY Mark and to associate it exclusively with Amnesia and Amnesia's licensees.

19. Amnesia has developed substantial goodwill in its STORY Mark, which is a business asset of immense value to Amnesia.

4

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

20. Amnesia has actively and consistently policed its STORY Mark, by demanding that third party users of similar marks cease and desist such use, and by pursuing legal remedies where necessary.

### SFX's MIAMI MARKETING GROUP AND DAVID GRUTMAN

21. SFX is the owner of all rights in the mark MIAMI MARKETING GROUP ("hereinafter "SFX's MIAMI MARKETING GROUP Mark"). This mark was first used by SFX's predecessor in interest, MMG Nightlife, LLC, which was founded by Plaintiff Grutman in 2008.

22. SFX acquired substantially all of the assets of MMG Nightlife in 2012.

23. SFX and its predecessor MMG Nightlife have organized numerous events for various celebrities in the fields of music, entertainment, and sports, which have resulted in billions of media impressions and have received significant coverage in the Miami and national media.

24. Plaintiff Grutman is the Founder and President of MMG Nightlife, which is the division of Plaintiff SFX that is responsible for the operation and management of STORY Nightclub.

25. Plaintiff Grutman is extremely well-known and respected in the music, nightlife, and entertainment communities, not only in Miami, but throughout the United States. Mr. Grutman was named the Best Nightlife Impresario of 2013 by Miami New Times, and was named one of the 50 Most Important People in EDM (Electronic Dance Music) by Rolling Stone magazine in March of 2014.

26. Plaintiff Grutman also has a highly visible online presence due to his popular accounts on the social media sites Twitter (twitter.com/DaveGrutman) and

5

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

Instagram (instagram.com/davegrutman), each of which have over 30,000 followers. Mr. Grutman uses these accounts to promote upcoming events at STORY Nightclub as well as his other properties.

### **DEFENDANT'S INFRINGING ACTIVITIES**

#### Defendant's History of Fraud

27. Defendant Mark Daniel Adamczyk is a self-described "Internet marketing expert and entrepreneur" who operates a variety of Internet businesses and web sites.

28. Upon information and belief, Defendant has often been accused of fraud in connection with his business ventures. For example, Defendant operated a web site at www.houstonallstarweekend.com, which allegedly sold tickets to the 2013 NBA All-Star Game in Houston, Texas. However, numerous consumers posted complaints on the Internet stating that Defendant never provided the tickets that they had purchased from Defendant and that he refused to refund their money (Exhibit 8).

29. Upon information and belief, Defendant has been investigated by the Orange County, Florida Sheriff's Office on suspicion of fraud.

30. Defendant was also recently sued by Craigslist for developing and using "bots" that allowed Defendant and others to bulk post spam messages on the Craigslist web site.

31. Defendant also has a history of using the Internet to harass and defame his opponents in litigation and the consumers who have complained about his fraudulent activities.

32. In a case filed in 2008 in Seminole County, Florida, *Hutchings v. Adamczyk*, No. 2008CA003218, the Court issued a gag order barring Defendant from

6

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

blogging or posting any comments about the case. On March 9, 2011, Defendant was held in contempt of court for violating this order.

<u>Defendant's Registration and Use of STORYBOTTLESERVICE.COM</u>

33. Defendant registered the domain name STORYBOTTLESERVICE.COM on November 14, 2012 (Exhibit 9). This domain name merely combines Amnesia's STORY Mark with the generic term BOTTLE SERVICE.

34. Upon information and belief, Defendant registered the STORYBOTTLESERVICE.COM domain name after learning of Plaintiffs' plans to open STORY Nightclub, which were published in local media on November 13, 2012 (Exhibit 10).

35. Upon information and belief, Defendant began using the STORYBOTTLESERVICE.COM domain name to host an active web site in late July of 2013.

36. Defendant's STORYBOTTLESERVICE.COM web site is set up to have the appearance of an official web site of STORY Nightclub. The web site repeatedly uses Amnesia's STORY Mark and displays the identical STORY logo used by Plaintiffs in the upper left hand corner of the screen (Exhibit 11). Any consumer viewing this site would believe it is the official site of STORY Nightclub or, at the very least, that it is authorized by STORY Nightclub.

37. Defendant's STORYBOTTLESERVICE.COM web site also contains links for "Upcoming Events," "Celebs @ Story," and "Miami Heat Celebrate @ Story," which are further likely to confuse consumers as to the site's association with Story Nightclub.

7

38. Defendant's STORYBOTTLESERVICE.COM web site also contains links to the official Facebook and Twitter pages of STORY Nightclub, as well as an embedded feed from the official STORY Nightclub Twitter account. These links further confuse consumers into believing that the web site is an official web site of STORY Nightclub.

39. Like many high-end nightclubs, STORY Nightclub offers consumers the option of purchasing "bottle service." This refers to the purchase of a reserved table, which includes liquor bottles, mixers, and the services of a host. STORY Nightclub generally requires consumers to make reservations in advance for bottle service. STORY Nightclub allows consumers to make bottle service reservations through its Facebook page at www.facebook.com/storymiami (Exhibit 12).

40. Defendant's web site at STORYBOTTLESERVICE.COM also purports to offer VIP table reservations and bottle service reservations at STORY Nightclub. These services are directly competitive with the reservation services offered by Plaintiffs, and are offered to identical types of consumers through identical channels of trade.

41. Upon information and belief, when obtaining payment from consumers for his purported services, Defendant has consumers send payment to the e-mail address marissa@miamimarketinggroup.com via the electronic payment service Paypal. The use of an e-mail address ending in "miamimarketinggroup.com" falsely suggests to consumers that they are dealing with SFX's Miami Marketing Group, the operator of STORY Nightclub. In fact, SFX's Miami Marketing Group's official domain is "miami-mg.com."

8

42. Furthermore, although Defendant's consumers send their payments to "marissa@miamimarketinggroup.com," there is nobody named "Marissa" associated with Defendant or his business. This e-mail address was created by and is used solely by Defendant for the purpose of fraudulently suggesting to consumers that his services are associated with SFX.

43. Defendant has previously set up a similar scam web site at LIVBOTTLESERVICE.COM, which is designed to have the appearance of an official web site of LIV Nightclub, another highly popular Miami-area nightclub founded by Plaintiff Grutman and operated by SFX. SFX and JS IP LLC, the owner of the LIV mark, have sued Defendant in another action (*JS IP LLC v. Adamczyk*, Case No. 1:14-cv-21977-Ungaro) alleging infringement and dilution of the LIV mark. On September 2, 2014, the court in that case granted a default judgment to Plaintiffs and issued an Order transferring the LIVBOTTLESERVICE.COM and MIAMIMARKETINGGROUP.COM domain names to Plaintiff, and enjoining Defendant from any further use of the LIV and MIAMI MARKETING GROUP marks. A copy of the Final Default Judgment and Order for Permanent Injunction is attached as Exhibit 13.

44. SFX received numerous complaints from consumers who have complained that they have been "scammed" by Defendant in connection with reservations made for LIV Nightclub through Defendant's LIVBOTTLESERVICE.COM web site. These consumers believed they were booking directly with LIV Nightclub, and were disappointed and frustrated when their reservations were not honored by LIV Nightclub, after having sent thousands of dollars to Defendant via a Paypal account with the name "marissa@miamimarketinggroup.com." It is highly likely that there are

likewise consumers who have been scammed by Defendant's use of the STORY Mark on the STORYBOTTLESERVICE.COM web site.

45.  Upon information and belief, shortly after the filing of the Complaint in the LIVBOTTLESERVICE.COM case (No. 1:14-cv-21977-Ungaro), Defendant registered the domain names DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM, which incorporate the personal name of Plaintiff Grutman.

46.  On June 14, 2014, Defendant sent an e-mail to Mr. Grutman complaining about being sued and threatening to use the DAVEGRUTMAN.COM domain name to host "something not so flattering." A copy of the e-mail is attached as Exhibit 14. Defendant asked Mr. Grutman to "make me an offer" to buy the domain name from Defendant.

47.  On or about September 9, 2014, Plaintiff Grutman learned that Defendant was using the domain names DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM to post unflattering photographs allegedly of Plaintiff Grutman, and to post an article falsely stating that Mr. Grutman had recently disclosed/announced he was a homosexual. Copies of the DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM web sites as they appeared on September 11, 2014 are attached as Exhibits 15 and 16.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

48.  Plaintiff Amnesia is the owner of U.S. Reg. No. 4,593,474 for Plaintiff Amnesia's STORY Mark.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

49. Defendant adopted and is using the mark STORY in connection with nightclub reservation services in interstate commerce, and is advertising and promoting to the general public his services in interstate commerce in connection with the aforesaid mark, which is identical to Plaintiff Amnesia's STORY Mark.

50. The nightclub reservation services offered by Defendant under the STORY mark are identical or virtually identical to the services offered by Plaintiff Amnesia under Plaintiff Amnesia's STORY Mark, and are marketed and sold through the same channels of trade.

51. The consumers who visit Defendant's web site at STORYBOTTLESERVICE.COM, and/or who purchase nightclub reservation services from Defendant, are highly likely to believe that Defendant's services are offered by, licensed by, approved by, or otherwise associated with Plaintiffs.

52. As a direct consequence of Defendant's actions, consumers and the public are likely to be, and have been, deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and their relationship to Plaintiffs.

53. Upon information and belief, Defendant's purpose in using the mark STORY was and is to deceive, mislead and confuse customers and the public into believing that Plaintiffs are the source of Defendant's services, or that the services offered by Defendant are sponsored by, licensed by, or associated with Plaintiffs, so as to trade on the substantial fame, reputation and goodwill enjoyed by Plaintiffs.

54. Defendant's unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

55.     By reason of Defendant's unlawful acts and practices in violation of the Lanham Act, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief and monetary damages.

56.     Because Defendant's actions have been committed with intent to cause harm to Plaintiffs and to confuse and deceive the public, Plaintiffs are entitled to Defendant's profits, treble Plaintiffs' actual damages, and an award of costs. In addition, as this is an exceptional case pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

57.     Plaintiff Amnesia's STORY Mark is widely recognized by consumers throughout the United States.

58.     Defendant is using the mark STORY to market and sell his nightclub reservation services in interstate commerce.

59.     The nightclub reservation services offered by Defendant under the STORY mark are identical or closely related to the services offered by Plaintiff Amnesia under its STORY mark.

60.     The nightclub reservation services offered by Defendant under the mark STORY are marketed and sold through the same channels of trade as services offered by Plaintiff Amnesia under its STORY mark.

12

61. Defendant's unauthorized use of the mark STORY is likely to cause consumers and the public to erroneously believe that Defendant's nightclub reservation services are offered by, licensed by, approved by, or otherwise associated with Plaintiffs.

62. As a direct consequence of Defendant's actions, consumers and the public are likely to be, and have been, deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and their relationship to Plaintiffs.

63. Upon information and belief, Defendant's purpose in using the mark STORY is to deceive, mislead and confuse customers and the public into believing that Plaintiffs are the source of Defendant's services, or that the services offered by Defendant are sponsored by, licensed by, or associated with Plaintiffs, so as to trade on the substantial fame, reputation and goodwill enjoyed by Plaintiffs.

64. Defendant's unlawful acts constitute common law trademark infringement, unfair competition, and false representation as to origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

65. By reason of Defendant's unlawful acts and practices in violation of the Lanham Act, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief and monetary damages.

66. Because Defendant's actions have been committed with intent to cause harm to Plaintiffs and to confuse and deceive the public, Plaintiffs are entitled to Defendant's profits, treble Plaintiffs' actual damages, and an award of costs. In addition, as this is an exceptional case pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

## COUNT III
## CYBERSQUATTING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(d)

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

67. Amnesia's STORY Mark is distinctive.

68. Plaintiff Grutman's name is recognized and protected as a mark in light of Mr. Grutman's high visibility in the community.

69. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM, DAVEGRUTMAN.COM, and DAVIDGRUTMAN.COM in interstate commerce after Plaintiffs' aforementioned marks became distinctive.

70. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM, DAVEGRUTMAN.COM, and DAVIDGRUTMAN.COM in bad faith with the intent to profit from his use of these domain names.

71. Defendant has registered, trafficked in, and used the domain names STORYBOTTLESERVICE.COM, DAVEGRUTMAN.COM, DAVIDGRUTMAN.COM with the intent to divert consumers from the online location of the owners of the STORY mark and the official online web site of David Grutman for commercial gain and with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the domain names.

72. Defendant registered, trafficked in, and used multiple domain names which he knew were identical or confusingly similar to the marks of others that are distinctive at the time he registered the domain names, including but not limited to

LIVBOTTLESERVICE.COM and LIVMIAMIBEACH.COM, which were awarded to the Plaintiffs in Case No. 1:14-cv-21977-UU.

73. Defendant's unauthorized, bad faith registration of the domain names STORYBOTTLESERVICE.COM, DAVEGRUTMAN.COM, and DAVIDGRUTMAN.COM constitutes cybersquatting and cyberpiracy in violation of the Lanham Act, 15 U.S.C. § 1125(d).

74. By reason of Defendant's unlawful acts and practices, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief, including but not limited to an order forcing Defendant to transfer the domain name STORYBOTTLESERVICE.COM to Amnesia, and to transfer the domain names DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM to Plaintiff Grutman.

## COUNT IV
## VIOLATION OF FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, FLA. STAT. § 501.204

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

75. Defendant has committed deceptive acts by using Amnesia's STORY Mark to create a web site intended to mislead consumers into believing that his services are provided by, authorized by, or associated with Plaintiffs.

76. Defendant's deceptive acts have misled consumers and are likely to continue to mislead consumers, to the detriment of said consumers.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

77.     Defendant has committed unfair practices by using Amnesia's STORY Mark to solicit payments from consumers for bottle service reservations at STORY Nightclub, knowing that these reservations would not be honored by STORY Nightclub.

78.     Defendant's unfair practices offend established public policy and are unethical, unscrupulous, and substantially injurious to consumers.

79.     Defendant's deceptive acts and unfair practices have caused significant harm to Plaintiffs.

80.     Defendant's actions constitute deceptive acts and unfair practices in violation of Fla. Stat. § 501.204.

81.     By reason of Defendant's deceptive acts and unfair practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to damages and injunctive relief.

## COUNT V
## DILUTION UNDER FLA. STAT. § 495.151

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

82.     Amnesia's STORY Mark is highly distinctive and famous in the state of Florida.

83.     Amnesia's STORY Mark became highly distinctive and famous in Florida prior to any use by Defendant of the mark.

84.     Defendant has used Amnesia's STORY Mark in a manner that has lessened the capacity of the mark to distinguish Plaintiffs' services, or is likely to lessen the capacity of the marks to distinguish Plaintiffs' services.

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

85. Defendant's use of the marks STORY constitutes trademark dilution in violation of Fla. Stat. §495.151.

86. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief.

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA LAW

Plaintiffs reallege and incorporate paragraphs 1 through 47 of the Complaint as if fully set forth herein.

87. Amnesia's STORY is highly distinctive in the state of Florida.

88. Amnesia's STORY Mark is highly distinctive in the state of Florida prior to any use by Defendant of these marks.

89. Defendant has used the mark STORY to market and sell nightclub reservation services in the State of Florida.

90. The nightclub reservation services offered by Defendant under the marks STORY are identical or closely related to the services offered by Plaintiffs under the STORY mark.

91. Defendant's use of the mark STORY is likely to confuse consumers in the State of Florida into believing that Defendant's services are offered by, sponsored by, licensed by, or otherwise associated with Plaintiffs.

92. Defendant's use of the mark STORY constitutes trademark infringement in violation of Florida common law.

93. Defendant's actions are willful, wanton, and in reckless disregard for the rights of Plaintiffs in Plaintiff's marks.

17

94. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered, and will continue to suffer damage to their business, reputation and goodwill, for which Plaintiffs are entitled to injunctive relief and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and grant the following relief:

A. An injunction enjoining Defendant, and anyone operating in concert with Defendant, from using the mark, or any mark, trade name or source identifier which is confusingly similar to Amnesia's STORY Mark;

B. An injunction enjoining Defendant, and anyone operating in concert with Defendant, from selling, advertising or promoting any services that infringe upon Amnesia's STORY;

C. That Defendant's domain name STORYBOTTLESERVICE.COM be transferred to Plaintiff Amnesia;

D. That Defendant's domain names DAVEGRUTMAN.COM and DAVIDGRUTMAN.COM be transferred to Plaintiff Grutman;

E. That Defendant be barred from registering any other domain names containing Plaintiff Grutman's name, or any variations thereof, or the personal names of anyone else associated with Plaintiffs;

F. That Defendant be barred from publishing or posting any statements or other material disparaging Mr. Grutman or anyone else associated with Plaintiffs or their attorneys;

G. That Plaintiffs be awarded their actual damages and lost profits in an amount to be proven at trial;

H. That Defendant be required to account for any profits attributable to his infringing acts;

I. That Plaintiffs be awarded the greater of three times Defendant's profits and three times any damages sustained by Plaintiffs, and prejudgment interest;

J. That punitive damages be awarded to Plaintiffs;

K. That all products, labels, signs, prints, packages, brochures, and advertising and promotional materials in the possession of Defendant bearing the mark STORY, or any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up by Defendant and destroyed;

L. That pursuant to 15 U.S.C. § 1116, Defendant file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

M. That Plaintiffs be awarded their reasonable attorney fees in prosecuting this action; and

N. That Plaintiffs be granted such other and further relief which the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

19

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL 33131-2148 :: T 305 347 4080 :: F 305 347 4089

Dated:  October 7, 2014

                Respectfully submitted,

                BUCHANAN INGERSOLL & ROONEY, P.C.

                *Attorneys for Plaintiffs*
                Miami Tower
                100 S. E. Second Street, Suite 3500
                Miami, Florida  33131
                Telephone: 305-347-4080
                Facsimile: 305-347-4089

                By:  /s/ Jennifer Olmedo-Rodriguez
                Jennifer Olmedo-Rodriguez
                Florida Bar No. 605158
                jennifer.olmedo-rodriguez@bipc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7TH day of October 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of this document was served via electronic mail and Regular U.S. Mail upon:  Mark Daniel Adamczyk, 112 Meadowfield Lane, Longwood, FL 32779 and PO Box 618690, Orlando, Florida 32861, mark@viptablereservations.com.

                /s/  Jennifer Olmedo-Rodriguez
                BUCHANAN, INGERSOLL & ROONEY, PC

#442324-v3                                                                       20

BUCHANAN INGERSOLL & ROONEY PC :: Miami Tower :: 100 S.E. Second Street, Suite 3500 :: Miami, FL  33131-2148 :: T  305 347 4080 :: F  305 347 4089